IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

J&J SPORTS PRODUCTIONS, INC., as
Broadcast Licensee of the September 13,
2014 "Mayhem" Floyd Mayweather, Jr. v.
Marcos Rene Maidana Fight Program,
                Plaintiff,

-vs-

CAUSE NO.:
A-17-CV-892-SS

TAQUERIAS ARANDINAS, INC.
individually and d/b/a Taqueria Arandinas;
IGNACIO SEVILLA individually and d/b/a
Taquerias Arandinas; and RAYMUNDO
HERNANDEZ individually and d/b/a
Taqueria Arandinas,
                Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff J&J Sports Productions, Inc.'s Motion for Summary Judgment [#18] and Defendants Taqueria Arandinas, Inc. and Ignacio Sevilla (collectively "Sevilla")'s Response [#20] thereto, as well as Sevilla's Motion for Summary Judgment [#19]. Having reviewed the documents, the relevant law, and the file as a whole, the Court now enters the following opinion and orders.

### Background

Plaintiff markets and licenses commercial exhibitions of pay-per-view prize fighting events. Pl.'s Mot. Summ. J. [#18] at 6. Defendant Sevilla is the sole shareholder of Taqueria Arandinas, Inc., a Texas corporation that at one point owned a restaurant called Taqueria Arandinas in Austin, Texas. Resp. [#20] at 2. Since January 2009, Defendant Raymundo

1



Hernandez has been the sole proprietor of the Taqueria Arandinas restaurant involved in this lawsuit. *Id.*

The dispute in this case centers around the commercial exhibition of a fight between Floyd Mayweather, Jr. and Marcos Rene Maidana and related undercard bouts on September 13, 2014 (the "Event"). Under an agreement with the Event's promoters, Plaintiff held exclusive rights to exhibit the Event in Texas and to sublicense its exhibition rights to commercial establishments throughout Texas. Pl.'s Mot. Summ. J. [#18] at 6. Accordingly, a commercial establishment in Texas could legally exhibit the Event only if it had obtained Plaintiff's authorization. *Id.* at 7; *see also id.* [#18-1] Ex. A-1 at 1.

The transmission of the Event originated via a satellite feed. *Id.* [#18] at 7. To ensure the Event could only be shown by commercial establishments that had received authorization from Plaintiff, the feed was electronically coded, or "scrambled." *Id.* Commercial establishments wanting to exhibit the Event were required to pay Plaintiff a sublicensing fee for the Event based on the establishment's capacity. *Id.* In return, Plaintiff either provided the establishments with equipment that could descramble the satellite feed or notified the establishments' cable or satellite provider to descramble the feed. *Id.*

On the night of the Event, an auditor entered Taqueria Arandinas at approximately 10:00 p.m. *Id.* [#18-1] Ex. A-2. Upon entering Taqueria Arandinas, the auditor observed the Event being broadcast on five television screens to approximately forty-five patrons. *Id.* An investigator hired by Plaintiff also visited Taqueria Arandinas and recorded a minute-long video showing the Event being broadcast on at least one screen. *Id.* Ex. H.[1] There is no evidence of an agreement between

---

[1] The video may also be viewed at https://youtu.be/V6QpSM1d49w.

2

Plaintiff and Defendants to exhibit the Event at Taqueria Arandinas, and there is no evidence to indicate any Defendant paid a licensing fee to Plaintiff to exhibit the Event.

On September 12, 2017, Plaintiff filed suit alleging Defendants violated the Communications Act of 1934 by intercepting and exhibiting the Event at Taqueria Arandinas without its authorization. Compl. [#1]; *see* 47 U.S.C. §§ 553, 605. Plaintiff now moves for summary judgment on its § 605 claim.[2] Pl.'s Mot. Summ. J. [#18] at 9–11. Sevilla also moves for summary judgment, contending he did not own Taqueria Arandinas on the night of the Event. *See* Sevilla's Mot. Summ. J. [#19] at 2. These motions have been briefed and are ripe for review.

## Analysis

### I.    Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling

---

[2] 47 U.S.C. § 553 prohibits the unauthorized interception and broadcast of cable transmissions. Because the communications at issue were received via satellite feed, this provision is inapplicable. *See J & J Sports Prods., Inc. v. Mandell Family Ventures, L.L.C.*, 751 F.3d 346, 351–52 (5th Cir. 2014).

on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*

"Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

II. **The Communications Act**

The Communications Act prohibits the unauthorized interception and broadcast of satellite transmissions. 47 U.S.C. § 605. To establish liability under the Communications Act, Plaintiff

4

must establish (1) the Event was shown in Defendants' establishment, and (2) the exhibition was not authorized by Plaintiff. *See, e.g., J & J Sports Prods., Inc. v. Casita Guanajuato, Inc.*, No. A-13-CA-824-SS, 2014 WL 1092177, at *1 (W.D. Tex. Mar. 19, 2014) (citing *KingVision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 349 (9th Cir. 1999)).

Plaintiff contends Defendants are liable because they owned Taqueria Arandinas on the night of the Event and the Event was shown at Taqueria Arandinas without Plaintiff's authorization. Pl.'s Mot. Summ. J. [#18] at 10–11. Plaintiff further contends Sevilla is liable because he held the liquor permit for Taqueria Arandinas on the night of the Event. *Id.* at 10. Sevilla argues in response that Taqueria Arandinas was sold to Hernandez in January 2009, and thus he did not own the establishment on the night the Event was allegedly intercepted and broadcast. Sevilla's Mot. Summ. J. [#19] at 2. Defendant Hernandez did not file a response to Plaintiff's motion. The Court considers the liability of Sevilla before considering the liability of Hernandez.

### A. Liability of Defendant Sevilla

The pending motions for summary judgment dispute whether Taqueria Arandinas was Sevilla's "establishment" as required by § 605. Plaintiff contends summary judgment should be granted because the evidence conclusively demonstrates that Sevilla owned Taqueria Arandinas on the night of the Event and that Sevilla and held the liquor permit for Taqueria Arandinas. Pl.'s Mot. Summ. J. [#18] at 10–11. In response, Sevilla contends he sold Taqueria Arandinas to Hernandez more than four years before the Event took place. Sevilla's Mot. Summ. J. [#19] at 2.

In support of his claim that Taqueria Arandinas was sold to Hernandez before the Event broadcast, Sevilla offers affidavits from both himself and Hernandez, a Certificate of Ownership for Taqueria Arandinas listing Hernandez as the sole proprietor, and a tax permit listing Hernandez

5

as the taxpayer for Taqueria Arandinas. *Id.* at 5–11. This evidence conclusively demonstrates that Sevilla did not own Taqueria Arandinas on the date of the Event. Consequently, Plaintiff has failed to show Sevilla owned the establishment that allegedly intercepted the Event.

Plaintiff contends, however, that Sevilla may also be held liable under § 605 because he held the liquor permit for Taqueria Arandinas on the night of the Event. Pl.'s Mot. Summ. J. [#18] at 10; *see J & J Sports Prods., Inc. v. Garcia*, No. H-08-1675, 2009 WL 2567891, at *3 (S.D. Tex. Aug. 14, 2009) ("Defendant is responsible for the broadcasting of the Event at her establishment because she holds the liquor license."). The Court concludes a genuine dispute exists on this question. The evidence offered by Plaintiff shows the liquor permit for Taqueria Arandinas was voluntarily canceled, but it does not show when the permit was canceled. Pl.'s Mot. Summ. J. [#18-1] Ex. J. Sevilla's motion, meanwhile, does not mention the liquor permit at all, nor do any of the documents Sevilla offers in support. Because the evidence is inconclusive as to whether Sevilla held the liquor permit for Taqueria Arandinas on the night of the Event, summary judgment on the issue is improper. Accordingly, the Court denies Plaintiff's motion for summary judgment as to Sevilla and also denies Sevilla's motion for summary judgment.

### B. Defendant Hernandez

#### 1. Liability

Plaintiff alleges summary judgment should be granted against Hernandez because the evidence conclusively demonstrates that Hernandez owned Taqueria Arandinas on the night of the Event and that the Event was exhibited at Taqueria Arandinas without Plaintiff's authorization. Pl.'s Mot. Summ. J. [#18] at 10. The uncontested evidence demonstrates that Hernandez was the sole proprietor of Taqueria Arandinas on the night of the Event, Sevilla's Mot. Summ. J. [#19] Ex. A (Certificate of Ownership), Ex. B (Hernandez decl.), that the Event was exhibited at

6

Taqueria Arandinas, Pl.'s Mot. Summ. J. [#18] at 10; *id.* [#18-1] Ex. A ¶ 9, Ex. C at 4, Ex. H, and that Hernandez did not receive authorization from Plaintiff to broadcast the Event and did not pay Plaintiff a licensing fee, *id.* [#18-1] Ex. E at 3–5. The Court therefore concludes there is no genuine issue of material fact that Hernandez intercepted the Event in violation of § 605, and it grants Plaintiff's motion for summary judgment as to Hernandez.

### 2. Statutory Damages

The Communications Act allows the aggrieved party to recover either its actual damages plus the violator's profits attributable to the violation, or statutory damages of at least $1,000 but not more than $10,000, as the court considers just. 47 U.S.C. § 605(e)(3)(C)(i). Plaintiff has elected to seek statutory damages and requests the maximum amount of $10,000. Pl.'s Mot. Summ. J. [#18] at 11, 14. The Court finds the maximum statutory damage amount to be a just award in this case. Hernandez could have licensed the Event and legally shown the fight at Taqueria Arandinas but did not do so. Plaintiff's actual damages would be difficult if not impossible to prove. As a starting point, Plaintiff lost both potential customers and potential licensing revenue when the Event was illegally broadcast at Taqueria Arandinas. Pirate broadcasters also threaten the vitality of the entire pay-per-view industry, including Plaintiff, because at least some businesses will be unwilling to compete and will, like the pirates, refuse to pay the requisite licensing fees. In fact, Congress specifically amended the Communications Act by stiffening the penalties and expanding standing to sue to thwart this threat to the long-term viability of the industry. *United States v. Harrell*, 983 F.2d 36, 39–40 (5th Cir. 1993) (citing 1988 U.S.C.C.A.N. 5577, 5657–58). Congress

determined an award of $10,000 would prove sufficient to deter unauthorized broadcasts, and the Court finds $10,000 a just amount in this case.

### 3. Willful Violation Damages

Plaintiff also seeks additional damages because the Communications Act permits a court to increase an award of damages by up to $100,000 for each violation "committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). The undisputed evidence indicates an unauthorized commercial establishment could receive a broadcast of the Event only through some wrongful action, "such as using an unauthorized decoder or satellite access card, obtaining cable or satellite service and illegally altering the cable or satellite service to bring the signal of the Event into the establishment, or moving an authorized decoder or satellite card from its authorized location to the commercial establishment." Pl.'s Mot. Summ. J. [#18-1] Ex. A at 4. The Court again concludes such evidence demonstrates a willful violation of the Communications Act. *Accord Casita Guanajuato*, 2014 WL 1092177, at *2. Hernandez's intent to benefit financially is also apparent from the record, as the Event was broadcast in his place of business to approximately forty-five patrons. Pl.'s Mot. Summ. J. [#18-1] Ex. A-2 at 1. Accordingly, the Court finds Hernandez's violation "was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii); *accord Casita Guanajuato*, 2014 WL 1092177, at *2.

Having found the violation was committed willfully and for commercial advantage, the Court must now, in its discretion, determine an appropriate additional award of damages not to exceed $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). Plaintiff argues five times the maximum statutory damages, or $50,000, would sufficiently deter Hernandez and others from pirating future Event broadcasts. Pl.'s Mot. Summ. J. [#18] at 18. The Court finds a total damages award of $60,000 to

be excessive in this case. The commercial listing fee for the Event is based on seating in the establishment showing the Event; any establishment seating between one and one hundred people would be charged $3,000. *Id.* [#18-1] Ex. A-3. An eyewitness to the broadcast estimated there were forty-five patrons in Taqueria Arandinas at the time of the Event. Thus, Taqueria Arandinas would likely have paid $3,000 to license the broadcast. A total award of $60,000 would be twenty times the actual cost of the license. Instead, the Court finds an additional award of $10,000 to be sufficient to hold Hernandez accountable and discourage other commercial establishments from committing similar violations. A total damages award of $20,000 is nearly seven times the legitimate licensing cost. Such an award should provide an adequate disincentive for would-be future violators and is in line with the decisions of district courts cited in Plaintiff's motion. *See J & J Sports Prods., Inc. v. Rivera*, No. H-13-902, 2014 WL 3533472, at *3 (S.D. Tex. July 14, 2014) ("Regarding additional damages for willful violations, the case law reviewed by this Court suggests that a multiplier of three to eight times to amount of statutory damages is appropriate.").

Accordingly, the Court determines Hernandez is liable to Plaintiff for Taqueria Arandinas's unauthorized broadcast of the Event in the amount of $20,000.

**C. Attorneys' Fees and Costs**

Plaintiff also requests an award of attorney's fees and costs. Pl.'s Mot. Summ. J. [#18] at 18. 47 U.S.C. § 605(e)(3)(B)(iii) requires the Court to "award[] reasonable attorneys' fees to an aggrieved party who prevails." An "aggrieved party" is a party with proprietary rights in the intercepted communication. *See id.* § 605(d)(6) (defining "any person aggrieved"). Although "prevailing party" is not defined in the statute, the Supreme Court has consistently held that a prevailing party is one who "has prevailed on the merits of at least some of his claims." *Hanrahan v. Hampton*, 446 U.S. 754, 758 (1980) (per curiam) (cited in *Buckhannon Bd. and Care Home,*

9

*Inc. v. W. Va. Dept. of Health and Human Res.*, 532 U.S. 598, 639 (2001)); *see also Hewitt v. Helms*, 482 U.S. 755, 760 (1987) ("Respect for ordinary language requires that a plaintiff receive at least some relief on the merits of his claim before he can be said to prevail."). Thus, a party is eligible for an award of attorney's fees under § 605(e)(3)(B)(iii) if it has a propriety right in the intercepted communications and has prevailed on at least some of its claims.

Plaintiff is eligible for an award of attorney's fees. Because Plaintiff had the exclusive rights to exhibit and to sublicense the right to exhibit the Event, it had a proprietary right in the intercepted communications. *See, e.g.*, *Casita Guanajuato*, 2014 WL 1092177, at *1 (describing the rights to exhibit and to sublicense exhibition as proprietary). Because Plaintiff has been granted summary judgment against Hernandez, it has prevailed on the merits of at least some of its claims. An award equal to one-third of the recovery—$6,660.00—is reasonable for cases such as this and is frequently the measure of attorney's fees used in Communications Act cases by federal courts in Texas, including this Court. *See id.* at *3. The Court declines to make a contingent award for post-judgment or appellate attorney's fees but will entertain such a request if it becomes necessary in the future. The Court also awards Plaintiff such other reasonable costs as it has incurred.

### Conclusion

The Court grants Plaintiff's motion for summary judgment as to Hernandez because there is no genuine issue of material fact that an establishment owned by Hernandez broadcast the Event without Plaintiff's authorization. The Court denies Plaintiff's motion for summary judgment as to Sevilla and Taqueria Arandinas, Inc. because the evidence demonstrates they did not own Taqueria Arandinas on the night of the Event and because there is a genuine issue of material fact as to whether they held the liquor permit for Taqueria Arandinas on the night of the Event. Similarly, the Court denies Sevilla's motion for summary judgment because a genuine issue of material fact

exists as to whether Sevilla and Taqueria Arandinas, Inc. held the liquor permit for Taqueria Arandinas on the night of the Event. Finally, because Plaintiff is an aggrieved party that has prevailed, the Court awards Plaintiff its reasonable attorney's fees and costs.

Accordingly,

IT IS ORDERED that Plaintiff J&J Sports Productions, Inc.'s Motion for Summary Judgment [#18] is GRANTED IN PART and DENIED IN PART as described in this opinion; and

IT IS FURTHER ORDERED that Plaintiff is awarded statutory damages in the amount of $10,000.00 and an additional award of damages for a willful violation in the amount of $10,000.00. Plaintiff is thus awarded a total of TWENTY THOUSAND AND 00/100 DOLLARS ($20,000.00), plus post-judgment interest at the rate of 2.41 percent per annum calculated from the date of this order; and

IT IS FURTHER ORDERED that the Plaintiff is awarded reasonable attorney's fees in the amount of SIX THOUSAND SIX HUNDRED SIXTY AND 00/100 DOLLARS ($6,660.00) and its costs; and

IT IS FINALLY ORDERED that Defendants Taqueria Arandinas, Inc. and Ignacio Sevilla's Motion for Summary Judgment [#19] is DENIED.

SIGNED this the 16th day of April 2019.

*Sam Sparks*
SAM SPARKS
SENIOR UNITED STATES DISTRICT JUDGE